Estate of John Wilson.

---

## Estate of John Wilson, Deceased—Petition of Geo. W. Hall.

1. Creditors—*Administration of Estates—Who are Under Sec. 48, Chap. 3, R. S.*—A creditor within the meaning of the statute providing for the administration of estates, is one to whom a sum is due from, and to be paid out of, an estate "after allowing to him all just credits."

2. Same—*Definition of Bouvier—Century Dictionary.*—A creditor is one who has a right to require the fulfillment of an obligation or contract. He is defined to be "one to whom a sum of money is due for any cause."

**Probate Proceedings.**—Trial in the Circuit Court of Cook County on appeal from an order of the Probate Court; the Hon. Richard S. Tuthill, Judge, presiding. Application for letters of administration denied. Appeal by petitioner. Heard in the Branch Appellate Court at the March term, 1898. Affirmed. Opinion filed February 14, 1899.

Vallette & Hall, attorneys for appellant.

CHYTRAUS & DENEEN and OSCAR W. BRECHER, attorneys for appellee.

MR. JUSTICE HORTON delivered the opinion of the court.

It is stipulated and agreed by the parties hereto that John Wilson departed this life May 18, 1894, intestate, leaving no widow or heirs resident within the United States; that letters of administration of the estate of said Wilson were granted to the public administrator May 21, 1894, by the Probate Court of Cook County; that George W. Hall, the appellant, filed in said Probate Court his petition, as a creditor, to be appointed administrator of said estate May 28, 1894, and his amended petition therefor October 22, 1894; that said Probate Court, by its order entered November 21, 1894, revoked the letters of administration issued to the public administrator, and by the same order denied the prayer of the appellant to be appointed administrator, for the reason that he was not a creditor of the deceased John Wilson; that November 22, 1894, said Probate Court appointed the State Bank of Chicago administrator *de bonis non;* that appellant appealed from said order of November 21, 1894, denying the prayer of his petition, to the Circuit Court of Cook County; and that said Circuit Court found that said appellant was not a creditor of said deceased, and not entitled to letters of administration, and denied the prayer of his petition. Said Hall brought the cause to this court by appeal from the judgment of said Circuit Court.

It is also stipulated and agreed by the parties, that at the time of his death decedent was indebted to appellant in the sum of $325.25, for legal services, and that appellant was at the same time indebted to deceased in the sum of $545.15.

The principal question, and we might say the only question argued by appellant in this court, is whether upon said agreed state of facts he was a creditor of the deceased within the meaning of the statute of this State. If he was not such a creditor he had no right to claim to be appointed administrator.

A creditor, within the meaning of the statute referred to,

being the statute providing for the administration of estates, is one to whom a sum is due from, and to be paid out of, an estate "after allowing all just credits."

Bouvier defines a creditor to be "he who has a right to require the fulfillment of an obligation or contract." If appellant was a creditor of decedent within the meaning of the statute, then he had the right to file a claim and have it allowed and paid out of the estate. Suppose appellant had applied to the Probate Court to have allowed to him, as a creditor, the sum of $325.15, to be paid to him in due course of administration, and had, in his application to that court, also stated that he was at the same time indebted to the estate in the sum of $545.15. Can it be seriously contended that in such a case it could be held that appellant was a creditor? We can not conceive of any theory upon which it could be so held.

In the Century Dictionary a creditor is defined to be "one to whom a sum of money is due for any cause." It can not be said, upon the agreed state of facts before us, that there was any sum of money due from said estate to appellant. If the statute had provided that a "debtor" instead of a "creditor" should be appointed administrator, the appellant has made a complete case entitling him to the appointment.

We see no necessity for considering this case further. The judgment of the Circuit Court affirming the finding of the Probate Court is affirmed.